# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**GARY WILLIAM YOUNG,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　**Case No. 07-03170-JWL-DJW**

**GARY STEED,**

    **Defendant.**

## ORDER

On December 3, 2007, an Order to Show Cause (doc. 16) was issued to the plaintiff, Mr. William Young. It ordered Mr. Young to show good cause in writing to the court on or before December 13, 2007, why he had failed to respond to defendant's motion for judgment on the pleadings (doc. 11) in a timely fashion. The docket sheet reflects that the Order to Show Cause was mailed to the plaintiff by certified mail. Certified mail return receipts were filed with the court reflecting that plaintiff signed for and received copies of the Order on December 7, 2007. The time for filing a response to the Order to Show Cause has passed and, to date, no response has been received from Mr. Young.

Pursuant to Rule 7.4 "[i]f a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." The court concludes that defendant's motion for judgment on the pleadings should be granted as unopposed.

In so holding, the court specifically concludes that certain aggravating factors present in

this case outweigh the judicial system's strong predisposition to resolve cases on their merits. *See Murray v. Archambo*, 132 F.3d 609, 611 (10th Cir. 1998) (prior to outright dismissal for failure to comply with local court rules, court must consider the degree of actual prejudice to the defendant; the amount of interference with the judicial process; and the culpability of the litigant).

Specifically, the court notes that plaintiff, as of the date of this order, has still not responded to defendant's motion for judgment on the pleadings, nor has he contacted the court in any way regarding the motion. Plaintiff's failure to respond to the order to show cause and the motion in any way and his failure to contact the court in any way demonstrates that his culpability is quite high. *Cf. id.* (reversing district court's dismissal on uncontested motion where plaintiff mailed his response more than three days prior to the deadline, demonstrating "little or no culpability on his part in causing the delay"); *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1396 (10th Cir. 1988) (plaintiff herself was not guilty of any dereliction where plaintiff's counsel overlooked motion and therefore failed to respond, resulting in delay of almost two weeks but, once discovered, responded promptly). Moreover, in such circumstances, denying defendant's motion would prejudice defendant in terms of continued time spent and expenses incurred on a case in which the plaintiff has failed to date to respond either to the motion or the Order to Show Cause. Similarly, denying defendant's motion would interfere with the judicial process in terms of docket management and the need for a finality to litigation. In other words, the court should not have to continue to manage this case on its docket when plaintiff himself has taken no initiative to keep the case on the court's docket. *Cf. Murray*, 132

F.3d at 611 (reversing district court's dismissal on uncontested motion where plaintiff's response to motion was received one day after the fifteen-day deadline and no prejudice to defendants could have resulted from this delay, nor could it have caused interference with the judicial process); *Hancock*, 857 F.2d at 1396 (where plaintiff's counsel overlooked motion and therefore failed to respond, resulting in delay of almost two weeks but, once discovered, responded promptly, defendant would not have been prejudiced in any legal or equitable sense by court's consideration of response and any inconvenience to the court was not so severe a burden as to justify dismissal).

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion for judgment on the pleadings (doc. 11) is granted as unopposed and this case is dismissed in its entirety.

**IT IS SO ORDERED.**

Dated this 14th day of December, 2007, at Kansas City, Kansas.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge
